**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mercedes Bell, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Employment Services LLC, an Arizona limited liability company, Pinnacle Family Services LLC, an Arizona limited liability company, Paul Harrison, and Candace Harrison,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Mercedes Bell ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendants Pinnacle Employment Services LLC, Pinnacle Family Services LLC, Paul Harrison, and Candace Harrison (collectively "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arizona Wage Statute, A.R.S. § 23-350 *et seq.*

- 1 -

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and all other similarly situated employees employed as Case Aides by Defendant within the State of Arizona who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated employees employed as Case Aides by Defendant within the State of Arizona, that they are entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by A.R.S. § 23-350 *et seq*.

## JURISDICTION AND VENUE

3. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's Arizona Wage Statute claim pursuant to 28 U.S.C. § 1367 because the claim arises from the same case and controversy as the FLSA claim. The claims derive from a common nucleus of operative fact; the Arizona Wage Statute claim will not substantially dominate over the FLSA claim; and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

8. Plaintiff and the other similarly situated employees employed by Defendant as Case Aides are "employees" as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350(2) and are non-exempt employees and/or employees entitled to unpaid wages and overtime under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350.

9. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350(3).

10. At all relevant times, Defendant employed Case Aides as non-exempt employees paid by Defendant in Arizona, including Plaintiff Mercedes Bell.

11. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**PARTIES**

12. Defendant Pinnacle Employment Services LLC is an Arizona limited liability company that provides monitoring and supervisory services and transportation to individuals and families who require supervised visits in Arizona.

13. Defendant Pinnacle Family Services LLC is an Arizona limited liability company that provides monitoring and services and transportation to individuals and families who require supervised visits in Arizona.

14. Upon information and belief, Defendants Pinnacle Employment Services LLC and Pinnacle Family Services LLC jointly employ Plaintiff and similarly situated Case Aides to provide care and transportation services for individuals and families in Arizona, and from within this District they set the Case Aides' compensation and employment policies, pay their compensation, and control the day-to-day operations of the business and employment of Case Aides in Arizona including Plaintiff.

15. Defendant Paul Harrison is a Manager of Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC.  As a Manager of Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC, Defendant Paul Harrison, upon information and belief, sets employment policies for Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff.  Upon information and belief, Defendant Paul Harrison exercises control over Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC's operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there.  Defendant Paul Harrison acts directly as an employer in relation to Plaintiff and the Case Aides and is an employer under the FLSA and Arizona law.

16. Defendant Candace Harrison is a Manager of Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC.  As a Manager of Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC, Defendant Candace Harrison, upon information and belief, sets employment policies for Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff.  Upon information and belief, Defendant Candace Harrison exercises control over Defendant Pinnacle Employment Services LLC and Defendant Pinnacle Family Services LLC's operations, and she has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there.  Defendant Candace Harrison acts directly as an employer in relation to Plaintiff and the Case Aides and is an employer under the FLSA and Arizona law.

17. Plaintiff Mercedes Bell was, at all relevant times, an individual residing in Maricopa County and is employed as a Case Aide for Defendant in Maricopa County, Arizona.

18. At all relevant times, Plaintiff Bell was employed by Defendant as a Case Aide, which is a non-exempt position that paid compensation based on an hourly rate of $21 per hour.

19. Plaintiff Bell's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**, opting her into this action to pursue unpaid overtime under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff Bell brings Counts I, the FLSA unpaid overtime claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees of Defendant:

> All employees of Defendant who worked as Case Aides in Arizona during the last three years, regardless of actual title.

21. Plaintiff, on behalf of herself and all other similarly situated employees who worked as Case Aides for Defendant in Arizona during the last three years, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime for all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

22. Plaintiff is similarly situated to the Case Aides because they all are subject to similar payroll policies and procedures. Defendant requires the similarly situated Case Aides to work overtime but fails to pay them the overtime rate of one and one half their regular hourly rate of pay for all hours worked over forty in a workweek, including hours they are required to work off the clock. The Case Aides are also similarly situated because

they all utilize Defendant's time recording and reporting practices and are subject to similar pay practices and job duties.

23. Defendant's overtime practices are routine and consistent. Throughout the relevant time period over the past three years, the Case Aides regularly were not paid proper overtime.

24. Plaintiff and the Case Aides performed the same or similar job duties. Moreover, they regularly worked more than forty hours in a workweek and were required to work off the clock without receiving proper overtime wages. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

25. Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other employees employed by Defendant as Case Aides.

26. The Case Aides, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty per workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

27. Plaintiff will fairly and adequately protect the interests of the Case Aides and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

### CLASS ACTION ALLEGATIONS

28. Plaintiff brings Count II, the Arizona Wage Statute claim, pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3) on behalf of herself and the following persons:

>       All employees who worked as Case Aides for Defendant in Arizona during the last three years, regardless of actual title ("Arizona Class Members").

29. Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

30. Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty Arizona Class Members.

31. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

   a. whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;
   b. whether Defendant owes the Arizona Class Members wages in exchange for work performed; and
   c. whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to back wages, interest, and treble damages.

32. Plaintiff's claims under the Arizona Wage Statute are typical of those of the Arizona Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

33. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

34. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

35. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

## STATEMENT OF FACTS

36. Defendant provides transportation and supervisory services for parent, child, and family visits that require monitoring as a result of court orders.

37. Defendant hires Case Aides to provide transportation and supervision of such parent, child, and family visits and to document interactions to ensure compliance with visitation requirements throughout Arizona.

38. Plaintiff began working for Defendant as a Case Aide on January 6, 2025 and continues in that role through the present time.

39. Plaintiff is employed as a non-exempt employee.

40. Plaintiff performs nonexempt duties of observing family visits that must be supervised as a result of a court order and documenting the interactions among those participating in the visit.

41. Plaintiff does not have the authority to supervise or hire and fire two or more employees; Plaintiff is not an administrative employee with discretion to run a division or

department; and Plaintiff's job is not that of a professional requiring an advanced degree or experience.

42. While Defendant calls the compensation that the Case Aides receive a "salary," the Case Aides' compensation is not paid on a salary basis because Defendant promised to calculate their compensation on an hourly basis of $21 per hour and adjusts their pay depending on the amount of time they work.

43. Plaintiff's offer letter to work as a Case Aide provides that "Case Aide is a salary base pay of $1,680 (before taxes) which is equivalent to $21 an hour, compensation for 80 hours biweekly plus a mileage reimbursement every month."

44. Plaintiff and the Case Aides are subject to uniform compensation policies and practices regarding their compensation. These policies and practices are dictated by Defendant through corporate policies communicated to the Case Aides.

45. While Plaintiff's job duties frequently required her to work in excess of forty hours per workweek, she is denied the overtime rate of time and a half for all the overtime that she works.

46. Defendant also promised to pay Plaintiff compensation amounting to $21 per hour, which Defendant represented would be 80 hours for a total of $1,680 per pay period.

47. However, Plaintiff and the Case Aides are routinely required to work more than 40 hours in a workweek and more than 80 hours in a pay period but they are still only paid for 80 hours over the two week pay period.

48. There are many weeks in which Plaintiff's timekeeping records demonstrate that she worked more than 40 hours in a week and 80 hours in a two week pay period.

49. For example, during the pay period from February 24, 2025 to March 9, 2025, Plaintiff's timekeeping records show that she worked 98.07 hours. However, Plaintiff was only paid for 72 hours for that pay period at a rate of $21 per hour totaling $1,512.

50. This is one example of many that demonstrates how Defendant failed to pay Plaintiff and the Case Aide overtime and regular wages that they were due.

51. Rather than pay Plaintiff the promised hourly rate of $21 per hour for the hours that she worked, Defendant would cap her hours that she would be paid for at 80, resulting in unpaid hours not accounted for in her pay statement.

52. Plaintiff had a reasonable expectation to be paid $21 per hour when Defendant promised to pay her at that rate in her offer letter premised on 80 hours per biweekly pay period.

53. However, because Plaintiff's work required her to work more than 80 hours over two weeks, Plaintiff should have been paid the $21 per hour that she was promised by Defendant for all hours worked but she was not paid the correct rate for those hours.

54. In fact, Plaintiff was not paid for hours that she worked over 80 in a pay period, and she was not paid overtime at time and half her regular rate for hours that she worked over 40 in a workweek.

55. Defendant never paid Plaintiff at time and a half her regular rate of pay for hours worked over forty in a workweek. In fact, Defendant routinely failed to pay Plaintiff any wages due for hours worked over forty at all.

56. Defendant also makes improper deductions from Plaintiff's pay that discount her hours in a way that improperly reduces her compensation. For example, if Plaintiff misses a day of work during a week when she works an extra day, Defendant will reduce her salary for missing a full day of work even though she still worked the requisite amount of time to arrive at 80 hours for the pay period. As a result, Plaintiff will be paid for 72 hours even though she actually worked 80 hours in the week.

57. Furthermore, Defendant arrived at the "salary" compensation based on computing $21 per hour for 80 hours, under the presumption that the Case Aides would work 80 hours. However, the Case Aides routinely work more than 80 hours and their compensation should be paid pursuant to the $21 per hour that they were promised for the total hours that they work.

58. Plaintiff worked between 45 and 50 hours during the typical week, but she is routinely denied overtime for hours that she worked.

59. Defendant engaged in the regular practice of failing to accurately record the time during which it suffered or permitted Plaintiff to work. As such, Defendant's payroll records understate the duration of time that it suffered and permitted Plaintiff to work during each week of her employment.

60. Defendant's failure to pay wages is likely a result of its failure to maintain accurate records of its Case Aides' time in violation of the FLSA, including records sufficient to accurately determine the wages and hours of employment for Plaintiff and the similarly situated Case Aides. Defendant fails to account for time that Plaintiff is actually required to perform work, resulting in underpayment of wages and inaccurate timekeeping records.

61. The examples of Plaintiff's hours worked resulting in unpaid overtime and regular wages due are indicative of Defendant's pattern and practice of denying Plaintiff and the similarly situated Case Aides wages they are statutorily entitled to.

62. Defendant's policy and practice is to willfully deny its employees employed as Case Aides overtime pay for hours worked beyond forty in a workweek.

63. Defendant also fails to timely pay Plaintiff and the similarly situated employees all the wages they are due. This is evident from Plaintiff's experiences and conversations with other Case Aides who were subject to the same unlawful pay practices that she was.

64. Defendant's wage violations uniformly applied to the Case Aides throughout Arizona.

65. Defendant knew that it was required to timely pay Case Aides for all the time they work, including regular wages and overtime.

66. However, Defendant failed to pay Plaintiff and the Case Aides overtime they are due and failed to timely pay them their wages due as required by the Arizona Wage Statute.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Similarly Situated Employees)**

67. Plaintiff, on behalf of herself individually and all the Case Aides, reasserts the allegations set forth in the above paragraphs.

68. Defendant paid Plaintiff and the Case Aides in a manner that was dependent on the amount of time they worked, and they are all entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. § 201, *et seq*.

69. At all relevant times, Defendant has been, and continues to be, subject to the overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenue in excess of $500,000.

70. Plaintiff and the Case Aides are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

71. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

72. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Case Aides worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

73. The work was performed at Defendant's direction and/or with Defendant's knowledge.

74. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Case Aides all wages due including time and a half for hours accrued beyond forty hours in a workweek.

75. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

76. As a result of the willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Case Aides.

77. Accordingly, Defendant is liable to Plaintiff and the Case Aides for unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a.    Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated employees, regardless of actual title, who worked for Defendant as Case Aides in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b.    Designate Plaintiff Bell as the Representative Plaintiff of the Case Aides and undersigned counsel as the attorneys representing the Case Aides;

    c.    Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest;

    e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as required by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Case Aides of Defendant's alleged wage and hour violations; and

    f.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT II
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
**(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

78. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

79. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

80. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

81. Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

82. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

83. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

84. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff Bell as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest; and

    e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## DEMAND FOR JURY TRIAL

85. Plaintiff hereby demands a jury trial on all claims for which she may have the right to a jury.

DATED: April 18, 2025.

**FRANKEL SYVERSON PLLC**
By  s/ *Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*